IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSEPH HOPKINS, et al.,** | § | |
| **Plaintiffs** | § § § | |
| vs. | § § | **CIVIL ACTION NO. 4-05-CV-332-Y** (Consolidated with 4-05-CV-333-Y and 4-05-CV-334) **ECF** |
| **CORNERSTONE AMERICA, et al.,** | § § | |
| **Defendants.** | § § | |

### JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND MOTION TO PRESENT SETTLEMENT PAPERS IN CAMERA

Plaintiffs Joseph Hopkins, Sherrie Blair, Andrew Bowman, Chris Fox, Bob Howell, Mark Mann, Norm Campbell, Mark Croucher, Jeff Gessner, Terrance Johanesen, Donnie Klein, Scott Roughen, Steve Woodhead, and Dave Young, on behalf of themselves and those Plaintiffs who have opted in to this lawsuit (collectively "Plaintiffs") and Defendants, Cornerstone America ("Cornerstone"), Mid-West National Life Insurance Company of Tennessee ("Mid-West") and United Insurance Companies, Inc. ("UICI") (collectively "Defendants") (collectively referred to herein as "Parties") file this Joint Motion for Order Approving Settlement and Motion to Present Settlement Papers In Camera, and would show the Court as follows:

### I.
### Introduction

In this Fair Labor Standards Act ("FLSA") action, Plaintiffs and Defendants jointly request that the Court enter a stipulated order approving the settlement reached between the Parties. The Parties have carefully and exhaustively negotiated a no fault settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in a settlement agreement, which generally is described below (the "Agreement"). Because the

Parties have agreed to maintain the confidentiality of the specific terms of the Agreement, the Parties jointly request to present the Agreement to the Court in camera for review, if necessary, in connection with approval of the settlement.

Pursuant to the Agreement, the Parties seek approval of the settlement. Pursuant to the Agreed Stipulation, attached as Exhibit A hereto, the parties stipulate to the following: that the settlement agreement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.
## Procedural History

Plaintiffs filed this lawsuit in the United States District Court for the Northern District of Texas, Fort Worth Division, on May 26, 2005. Thereafter, additional Plaintiffs opted-in to the lawsuit by filing consent forms with the district court. All of the Plaintiffs are former insurance agents with Defendants and claim they were not paid overtime for hours worked over 40 in any given work week under the FLSA. Defendants continue to deny any wrongdoing whatsoever, and do not admit to any violation of law, statute or regulation.

Throughout the litigation, the parties worked to negotiate a resolution of their disputes. These negotiations culminated in a mediation conducted before mediator Cecilia Morgan on December 17, 2009. While the parties did not resolve the case at the mediation, they continued discussions and, thereafter, were able to reach a resolution. The parties' agreements to resolve this case, thus, are a product of both their participation in the mediation session and their discussions after the mediation.

### III.
### The Court Should Approve the Settlement Agreement

This Court should approve the settlement agreement because the settlement was achieved in an adversarial context, Plaintiffs are represented by competent and experienced counsel. Moreover, the parties stipulate that the settlement provisions are fair and reasonable.

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are 1) that the Secretary of Labor can supervise the payment of back wages, or 2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b). Both Plaintiffs and Defendants request this Court to approve the Parties' settlement agreement.

The Agreed Stipulation, attached as Exhibit A hereto, reveals that the settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. Accordingly, the settlement reflects a reasonable compromise regarding bona fide disputes between the Parties with respect to liability and the amount of same under the FLSA. Furthermore, the Agreed Stipulation establishes that the settlement is fair, just, and adequate to settle Plaintiffs' claims.

The Parties have entered the proposed Agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between them including those arising out of, or in any way related to, Plaintiffs' claims under the Fair Labor Standards Act.

### IV.
### The Parties Request that the Court Review the Settlement Agreement In Camera

While the terms of the Settlement Agreement are summarized herein and in the attached Agreed Stipulation, the Parties have agreed to maintain the terms of the Agreement as confidential. As such, it is not filed as an exhibit to this motion. Rather, the Parties have agreed

to present the actual Settlement Agreement documents including affidavits by Plaintiffs' counsel discussing the Lodestar factors and other issues pertaining to reasonable attorneys for the settlement, in a form agreed to by the Parties, to the Court in camera, should the Court require. Such in camera review will allow the Parties to protect the confidentiality of the specific terms of the Settlement Agreement by avoiding any requirement that the document itself be made a matter of public record.

## V. Conclusion

The Parties believe that the settlement reached was a fair and reasonable compromise of the respective positions of both sides. The Parties therefore respectfully request the Court approve the settlement and enter an order dismissing the litigation. Entry of such an order will "secure the just, speedy, and inexpensive determination" of this action in accordance with Federal Rule of Civil Procedure 1.

Respectfully submitted:

| | |
|---|---|
| */s/ Francisco Guerra, IV* | */s/ Paulo B. McKeeby* |
| Francisco Guerra, IV | Ronald E. Manthey |
| Texas Bar No. 00796684 | Texas Bar No. 12927400 |
| Mikal C. Watts | Ron.Manthey@morganlewis.com |
| Texas Bar No. 2098120 | Paulo B. McKeeby |
| | Texas Bar No. 00784571 |
| **WATTS LAW FIRM LLP** | Paulo.McKeeby@morganlewis.com |
| Bank of America Plaza, Suite 100 | |
| 300 Convent Street | **MORGAN, LEWIS & BOCKIUS LLP** |
| San Antonio, Texas 78205 | 1717 Main Street, Suite 3200 |
| Telephone: | Dallas, TX 75201 |
| Facsimile: 210.527.0501 | Telephone: 214.466.4000 |
| | Facsimile: 214.466.4001 |
| Larry A. Flournoy, Jr. | |
| | Steven R. McCown |
| **JORDAN, HOUSER & FLOURNOY LLP** | Texas State Bar No. 13466500 |
| 740 East Campbell Rd., Suite 5600 | Eduardo F. Cuaderes, Jr. |
| Richardson, TX 75081 | Texas State Bar No. 05200800 |
| Telephone: | |
| Facsimile: 214.242.2170 | **LITTLER MENDELSON** |
| | A Professional Corporation |
| **ATTORNEYS FOR PLAINTIFFS** | 2001 Ross Avenue, Suite 1500 |
| | LockBox 116 |
| | Dallas, Texas 75201.2931 |
| | 214.880.8100 |
| | 214.880.0181 (Fax) |
| | Linda Ottinger Headley |
| | Texas State Bar No. 15344600 |
| | Yvette Gatling |
| | Texas State Bar No. 24007231 |
| | |
| | **LITTLER MENDELSON** |
| | A Professional Corporation |
| | 1301 McKinney Street |
| | Suite 1900 |
| | Houston, Texas 77010 |
| | 713.951-9400 |
| | 713.951.9212 (Fax) |

David E. Keltner
Texas State Bar No. 11249500

**KELLY HART & HALLMAN, LLP**
Fort Worth, Texas 76102
(817) 878-3560
(817) 878-9280 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**